UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:24-cv-00328

**Lane Moore,**
*Plaintiff,*

v.

**Commissioner of SSA,**
*Defendant.*

# OPINION AND ORDER

Plaintiff filed this civil action pursuant to 42 U.S.C. § 405(g) for judicial review of the Commissioner's denial of his application for social-security benefits. The court referred it to a magistrate judge, who issued a report and recommendation that the decision of the Commissioner be affirmed and that the case be dismissed with prejudice. Doc. 11. Plaintiff filed objections to the report and recommendation. Doc. 12.[1] The government filed a response to the objections. Doc. 13. For the reasons below, the report is accepted in part.

The court reviews the objected-to portions of a report and recommendation de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days).

Plaintiff first objects to the magistrate judge's finding that the ALJ performed an adequate supportability analysis with respect to Dr. Rita F.'s opinion. Doc. 12 at 2. Plaintiff's first objection falls

---

[1] Although the objections were one day late, the court considers them anyway. *Cf. Thomas v. Arn*, 474 U.S. 140, 154 (1985) ("while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard").

short. As plaintiff acknowledges, the supportability factor relates to how well the medical provider's opinion is supported by *that* medical provider's medical evidence and *that* medical provider's explanation for the opinion. Doc. 12 at 3. Here, the medical provider, Dr. Rita F., did not perform a first-hand evaluation of plaintiff. Her opinion instead relied on the examination performed by another medical provider, Dr. Mayers. The supportability question, then, is whether Dr. Rita F.'s opinion is supported by Dr. Mayers's examination. Because plaintiff represented to Dr. Mayers that his mental-health symptoms were due to cancer treatment rather than a mental impairment, the ALJ found Dr. Rita F.'s explanation unsupportive of her conclusion that plaintiff had longer-term mental impairments. Doc. 7-3 at 21. The ALJ's supportability analysis was therefore sufficient. Plaintiff's first objection is overruled.

Plaintiff next objects that, contrary to the magistrate judge's report, the ALJ's persuasiveness finding as to PA-C Day's opinion was conclusory. Doc. 12 at 4. The ALJ concluded that PA-C Day's opinion was "not persuasive," "not supported by the medical evidence of record," and "inconsistent with other opinions that are more supportable." Doc. 7-3 at 28. As to consistency, plaintiff's objection lacks merit because the ALJ discussed at length other evidence that she found more persuasive than PA-C Day's opinion. *See id.* at 24–27. Even though the discussion of the inconsistent record evidence did not occur in the same paragraph as the conclusion that it was inconsistent, "the ALJ's assessment and articulation of consistency and supportability must be read in full context of the RFC findings." *Teixeira v. Comm'r, SSA*, No. 4:21-cv-00003, 2022 WL 3130859, at *9 n.15 (E.D. Tex. July 12, 2022), *report and recommendation adopted*, 2022 WL 3107856 (E.D. Tex. Aug. 4, 2022). The ALJ's comparison of PA-C Day's opinion to the other evidence is legally sufficient to satisfy the requirement that she "explain how [she] considered the . . . consistency factor[]." 20 C.F.R. § 404.1520c(b)(2).

However, as to supportability, the ALJ's explanation was insufficient. An ALJ must explain her persuasiveness findings in a way that is specific enough to enable the reviewing court to identify the reasons that the ALJ relied on. An explanation that leaves the court to "speculate as to the evidence and reason behind [the ALJ's] persuasiveness finding" does not meet § 404.1520c's requirements. *Williamson v. Comm'r of Soc. Sec.*, No. 1:21-cv-00452, 2023 WL 6119888, at *5 (E.D. Tex. Aug. 30, 2023), *report and recommendation adopted sub nom.*, *Williamson v. Comm'r of Soc. Sec. Admin.*, 2023 WL 6119369 (E.D. Tex. Sept. 15, 2023). Here, the ALJ did not explain how she concluded that PA-C Day's opinion was unsupported by the medical evidence of record or by PA-C Day's own explanation.

The relevant medical evidence of record (PA-C Day's examination and findings) does not obviously fail to support PA-C Day's ultimate opinion. That opinion, which the ALJ rejected, was that plaintiff

> could stand/walk 2 to 4-hours cumulatively, 60 to 90-minutes at a time; sit 4 to 6-hours cumulative, 2 to 4-hours at-a-time; could not balance, squat, kneel, climb, crawl; and could occasionally use foot controls. The claimant could continuously reach waist to shoulder; occasionally reach above shoulder; gross manipulation performed occasionally; and fine manipulation performed continuously.

Doc. 7-3 at 28.

The evidence that PA-C Day relied on to support those conclusions included her observations that plaintiff "reported low back, hip, and knee pain and rectal cancer"; that he "indicated right hip locking with weight bearing and walking"; that he "gathered firewood during the day, and sometimes [took] a short walk about 20-minutes"; that he was obese but "able to get on-and-off the examination table with ease, did not appear to be in pain, but had difficulty sitting up after the abdominal exam"; that he "had reduced range of motion of the spine and right hip"; and that his diagnoses "included lumbar spine degenerative disc disease and

bilateral knee osteoarthritis." *Id.* at 26. It is not clear, and the court will not "speculate" about, why the ALJ found that PA-C Day's observations did not support the limitations in her opinion. *Cooley v. Comm'r of Soc. Sec.*, 587 F. Supp. 3d 489, 499 (S.D. Miss. 2021); *see also Guy v. Comm'r of Soc. Sec.*, No. 4:20-cv-01122, 2022 WL 1008039, at *3 (N.D. Tex. Mar. 14, 2022) ("mere evidentiary summaries fall short of § 404.1520c's requirements"), *report and recommendation adopted*, 2022 WL 1004241 (N.D. Tex. Apr. 4, 2022). That does not necessarily mean the evidence was insufficient to support the ALJ's findings. But the ALJ was required to explain both her consistency findings and her supportability findings. Here, she did not sufficiently explain supportability, so the court sustains in part plaintiff's second objection.

Lastly, plaintiff makes essentially the same objection with respect to the ALJ's rejection of Dr. Osland's opinion. Doc. 12 at 4. As to consistency, the above consistency discussion applies with equal force because the other evidence is just as relevant to the persuasiveness of Dr. Osland's opinion as to that of PA-C Day's opinion. *See* Doc. 7-3 at 24–28. The ALJ concluded that Dr. Osland's opinion was "not consistent with other opinions of record from physicians who are more familiar with the Social Security Administration's disability guidelines." *Id.* at 28. Given the other evidence that the ALJ discussed at length, that explanation is sufficient.

For supportability, unlike with PA-C Day's opinion, the ALJ specifically explained why she found the evidence not to support Dr. Osland's opinion. Dr. Osland reported a host of plaintiff's physical symptoms and an expected cancer-treatment plan. Dr. Osland opined that plaintiff's symptoms would "constantly" "interfere with attention and concentration," Doc. 7-8 at 21, and that plaintiff would be absent from work for "[m]ore than four days per month" during the six-month treatment plan, *id.* at 22. The ALJ specifically found that the evidence supported neither the "level of concentration nor the excessive absences indicated in the opinion." Doc. 7-3 at 28. That is more detail than the ALJ gave for PA-

C Day, and it informs the court about why the ALJ found the opinion to be unsupported. *See King v. Comm'r of Soc. Sec.*, No. 9:21-cv-00085, 2023 WL 2657642, at *6 (E.D. Tex. Mar. 9, 2023) (requiring more than a "vague reference to the record"), *report and recommendation adopted sub nom. King v. Comm'r of Soc. Sec. Admin.*, 2023 WL 2652236 (E.D. Tex. Mar. 24, 2023). Thus, as to Dr. Osland, plaintiff's objections are overruled.

In sum, plaintiff's objections are overruled except the objection that the ALJ failed to explain its conclusion that PA-C Day's opinion was not supported.

The final question is one of harmless error: whether the ALJ's legal error in failing to explain supportability of PA-C Day's opinion affected plaintiff's substantial rights. *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). It did. The ALJ's conclusory finding of a lack of support "makes it impossible to know whether the ALJ properly considered and weighed" PA-C Day's opinion. *Kneeland v. Berryhill*, 850 F.3d 749, 762 (5th Cir. 2017). Had the ALJ found PA-C Day's opinion persuasive and accepted all of the limitations that PA-C Day diagnosed, then that likely would have directly affected the vocational expert's testimony about what jobs plaintiff would have been capable of performing. *See* Doc. 7-3 at 30. That foreseeably might have resulted in a different finding on whether plaintiff was disabled during the relevant period and entitled to benefits. It is not clear exactly what effect the limitations diagnosed by PA-C Day would have had if accepted, but the court will not engage "in juridical guesswork." *Guy*, 2022 WL 1008039, at *6. The error affected plaintiff's substantial rights and requires reversal.

Therefore, the report and recommendation (Doc. 11) is accepted in part. Fed. R. Civ. P. 72(b)(3). As to Drs. Rita F. and Osland, the report is accepted and the Commissioner's decision affirmed. As to the supportability analysis for PA-C Day, however, the report is not accepted, the decision of the Commissioner is reversed, and this case is remanded to the Social Security

Administration for further consideration. Any pending motions are denied as moot.

*So ordered by the court on July 1, 2025.*

J. CAMPBELL BARKER
United States District Judge