UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:24-cv-00328

———

**Lane Moore,**
*Plaintiff,*

v.

**Commissioner of SSA,**
*Defendant.*

———

# ORDER

The court issued final judgment in this case on July 1, 2025. Doc. 15. A few months later, plaintiff moved for attorney's fees under the Equal Access to Justice Act (EAJA). Doc. 16. That motion was referred to a magistrate judge. Doc. 19. Defendant opposed the motion but only challenged the rate for paralegal fees. Plaintiff wanted $125 per hour for paralegal work and defendant argued for $100 per hour. The magistrate judge issued a report recommending that the motion be granted and that defendant pay to plaintiff the sum of $9,668.11 in attorney's fees. Doc. 20. Only plaintiff filed objections to the report. Doc. 21.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Furthermore, a party's entitlement to de novo review does not entitle it to raise arguments that were not presented to the magistrate judge without a compelling reason. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994).

When there have been no timely objections to a report, or the objections are improper, "the court need only satisfy itself that

there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 amendment.

Here, plaintiff's only objection is to the magistrate judge's recommended rate for paralegal work. Plaintiff requested $125 an hour but the magistrate judge only recommended $120. As plaintiff claimed only 6.6 hours of paralegal work in this case, the difference between the total amount that plaintiff requested and the amount that the magistrate judge recommended is $33.

To support the requested rate, plaintiff cites an opinion from another court issued after the report and recommendation. Doc. 21 at 1 (citing *Lovett v Comm'r.*, No. 1:24-cv-00450, slip op. at 1–2 (E.D. Tex. Oct. 17, 2025)). But the magistrate judge's recommendation of a reasonable rate was based upon the rates found to be reasonable by other district courts in Texas available at the time the report issued. Even upon the filing of plaintiff's reply brief, plaintiff was unable to cite a case in this district that supported a paralegal rate of $125 per hour. Doc. 18. As such, plaintiff's objection lacks merit.

Having reviewed the report de novo and being satisfied that there is no error, the court accepts the report's findings and recommendations. Plaintiff's motion for attorney's fees (Doc. 16) is granted in part. The Commissioner shall pay plaintiff a sum of $9,668.11 by making the payment payable to plaintiff and sending the payment to plaintiff's counsel.

*So ordered by the court on November 18, 2025.*

J. CAMPBELL BARKER
United States District Judge